**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **JANIECE BALDWIN,** § | |
| Plaintiff § | |
| § | |
| V. § | CIVIL ACTION NO. 2:1-CV-600 |
| § | |
| **NATIONWIDE AGRIBUSINESS** § | |
| **INSURANCE COMPANY** | JURY TRIAL DEMANDED |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

TO THE HONORABLE JUDGE:

Plaintiff, Janiece Baldwin, files this Original Complaint complaining of Nationwide Agribusiness Insurance Company, Defendant.

**PARTIES, JURISDICTION AND VENUE**

1.   This action is brought in this Court under the provisions of 28 U.S.C. §1332(a)(1), because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.   Plaintiff is a citizen of the State of Texas, and more particularly the Eastern District of Texas. Defendant Nationwide Agribusiness Insurance Company (hereafter Nationwide), is a foreign corporation with its principal place of business in some state other than Texas, thereby creating a diversity of citizenship between Plaintiff and Defendant. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. This Court has jurisdiction of this action under 28 U.S.C., § 1332, and venue is proper herein under 28 U.S.C. § 1331, because the cause of action accrued within the Eastern District of Texas, and furthermore, Defendant Nationwide has a significant presence in the Eastern District of Texas and more particularly the

Marshall Division inasmuch as Defendant sells a multitude of insurance products, including automobile insurance in the Marshall Division of the Eastern District of Texas.

3. Parties to this suit are:

Plaintiff: Janiece Baldwin is a citizen of the State of Texas, residing in Longview, Texas.

Defendant: Nationwide Agribusiness Insurance Company, is a foreign insurance corporation licensed to do business in the State of Texas. It may be served by serving its registered agent for service, Corporation Service Company, 211 E 7th Street, Suite 620, Austin, Texas 78701-3218.

## FACTS

4. On or about November 29, 2016, Plaintiff was traveling northbound in her vehicle toward the intersection of Judson Road and Delwood Drive in Longview, Gregg County, Texas. Brittany Woods, who was driving southbound on Judson Road, proceeded into the turning lane and attempted to turn left onto Delwood Drive. Ms. Woods failed to yield right-of-way while turning left and violently collided with Plaintiff. As a result of this collision, Plaintiff suffered egregious, permanent and incapacitating injuries. Ms. Woods had a liability insurance policy in effect at the time of the collision, and the limits thereof were tendered to Plaintiff in return for Plaintiff's full and final release of Ms. Woods from any legal claim related to the collision in question.

5. At the time of the collision, Plaintiff was covered by an insurance policy contract issued by the Defendant Nationwide. The contract of insurance included uninsured/underinsured motorist coverage. This insurance policy was in full force and effect at the time of the collision in question. Though the underlying tortfeasor's insurance company tendered its policy limits, Plaintiff sustained injuries in excess of the amount of those limits. Plaintiff has done everything

that the contract of insurance with Defendant Nationwide required her to do as a prerequisite to making an under-insured motorist claim. Thus, Defendant Nationwide is responsible for tendering the entire amount of under-insured motorist protection coverage to Plaintiff. Defendant Nationwide, however, refuses to accept that Plaintiff has sustained legally recoverable damages in excess of the underlying liability coverage and, thus, refuses to tender any amount under the under-insured motorist protection policy.

## NEGLIGENCE

6. As to the collision in question, Plaintiff would show that the tortfeasor, Brittany Woods, committed various acts and omissions, each of which constitutes negligence and was a proximate cause of the wreck as well as those injuries and damages suffered by Plaintiff. Said acts and omissions of negligence include the following:

(a) Failing to yield right-of-way as a person exercising ordinary care and prudence would have done under the same or similar circumstances;

(b) Failing to timely or properly apply the brakes on her vehicle as a person exercising ordinary care and prudence would have done under the same or similar circumstances;

(c) Failing to keep a proper lookout as a person exercising ordinary care and prudence would have done under the same or similar circumstances;

(d) Failing to take evasive action to avoid a collision as a person exercising ordinary care and prudence would have done under the same or similar circumstances;

(e) Causing her vehicle to collide with Plaintiff's person in a violent manner, thus causing serious and permanent personal injuries to Plaintiff; and

(f) Driving her vehicle recklessly with willful or wanton disregard for the safety and welfare of other persons or property.

7.  Any and all of the aforementioned acts and omissions listed above, among others, constitute negligence at common law or as a matter of law. As a result of this wreck, Plaintiff sustained injuries in excess of the tortfeasor's underlying liability coverage.

## DECLARATORY JUDGMENT

8.  Based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant Nationwide at the time of the collision, Plaintiff seeks a declaratory judgment pursuant to TEX. CIV. PRAC. & REM. CODE 37, as to the following issues:

    (a) that the underlying tortfeasor, Brittany Woods, was liable for the collision in question;

    (b) the amount of compensable damages suffered by Plaintiff as a result of Ms. Woods' negligence;

    (c) that the damages exceed the underlying tortfeasor's insurance liability coverage, the limits of which Plaintiff has already received from the same;

    (d) that the damages suffered by Plaintiff fall within the coverage afforded her individually under the under-insured motorist protection policy in place with Defendant NATIONWIDE; and

    (e) specifying the amount of damages owed to Plaintiff under the existing contract with Defendant Nationwide, including attorney's fees, costs, interest and expenses.

## CLAIM FOR BENEFITS UNDER THE POLICY

9.  The insurance policy in place at the time of the collision provides that Defendant Nationwide will pay "damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident."

10. The same insurance policy defines an "uninsured motor vehicle" as a "land motor vehicle or trailer of any type, which is an underinsured motor vehicle," or "one to which a liability

bond or policy applies at the time of the accident but its limit of liability either: (a) is not enough to pay the full amount the covered person is legally entitled to recover as damages; or (b) has been reduced by payment of claims to an amount which is not enough to pay the full amount the covered person is legally entitled to recover as damages."

11. On information and belief, Plaintiff is required by law to obtain a judgment establishing the liability and underinsured status of the underlying tortfeasor in order to properly make a claim on the UIM benefits under the insurance policy. Therefore, Plaintiff seeks to enforce her right to obtain such a judgment.

## DAMAGES

12. Plaintiff would show that as a resulting of the underlying collision, she has individually sustained and is entitled to recover the following damages:

(a) Physical pain suffered in the past, and in reasonable probability, that will be suffered by her in the future;

(b) Physical impairment suffered in the past, and in reasonable probability, that will be suffered by her in the future;

(c) Mental anguish suffered in the past, and in reasonable probability, that will be suffered by her in the future;

(d) Reasonable and necessary medical and health care expenses in the past to treat injuries she received in the collision, and in reasonable probability, reasonable and necessary medical bills in the future; and

(e) Physical disfigurement.

13. Plaintiff seeks recovery of prejudgment and postjudgment interest at the maximum rate allowed by law for the maximum time periods allowed by law as found applicable by the court to any or all portions of Plaintiff's damages. All damages sought herein are within the jurisdictional limits of the court.

14. As a result of Defendant Nationwide's conduct, Plaintiff has incurred attorney's fees for which Plaintiff seeks recovery as well.

## PRAYER

15. Plaintiff requests that the Defendant be cited to appear and answer, and that on final trial Plaintiff have:

(a) All actual, economic and compensatory damages in an amount in excess of the minimum jurisdictional limits of the Court;

(b) Prejudgment and postjudgment interest at the legal rate, costs of court;

(c) Attorney's fees; and

(d) Such other and further relief as Plaintiff may be entitled to receive.

## JURY DEMAND

16. Plaintiff makes a demand for a jury trial in accordance with Federal Rules of Civil Procedure 38.

Respectfully Submitted,

      */s/ Chad F. Newman*
Chad F. Newman
State Bar No. 24067796
ERSKINE & MCMAHON, LLP
P. O. Box 3485
Longview, Texas 75606
Telephone: 903.757.8435
Facsimile: 903.757.9429
chadn@erskine-mcmahon.com

ATTORNEY FOR PLAINTIFF

*Plaintiff's Original Complaint*